HENRY WAGNER vs. ANDREW J. FINNEGAN.

Argued by appellant, submitted on brief by respondent, July 19, 1893. Reversed July 21, 1893.

**Eviction Necessary to a Recovery on the Covenant of Warranty.**

In an action for the breach of the covenant of warranty the complaint must allege facts showing an eviction, actual or constructive.

**Constructive Eviction.**

A judgment merely. establishing an adverse paramount title does not amount to a constructive eviction, at least, unless the premises are vacant and unoccupied.

**Complaint Construed.**

A certain allegation of the complaint construed as being merely the pleader's conclusion as to the legal effect of the facts previously alleged, and not an additional allegation of fact.

Appeal by defendant, Andrew J. Finnegan, from an order of the District Court of Hennepin County, *William Lochren*, J., made March 28, 1892, overruling his demurrer to the complaint.

The plaintiff, Henry Wagner, by his complaint, stated that on October 4, 1881, defendant, for $750 to him paid, conveyed to Fred Schuppel the undivided half of the northwest quarter of section three (3), T. 118, R. 22, in Hennepin County, and covenanted that he was well seised in fee of the land, and would forever warrant and defend Schuppel in the quiet and peaceable possession thereof. That William Windom afterwards claimed the land, and brought suits against Schuppel and this plaintiff, to determine their adverse claims, and obtained judgments establishing his title. See *Windom* v. *Schuppel*, 39 Minn. 35. That Schuppel then assigned to plaintiff his claims and causes of action against Finnegan on his covenants. He demanded judgment for the $750 and interest. Defendant demurred, and the trial court overruled the demurrer.

*Savage & Purdy*, for appellant.

There is an entire failure to state facts sufficient to show any breach of the covenant of seisin. This covenant is a covenant for title, and if broken at all, is broken as soon as made. *Kimball* v. *Bryant*, 25 Minn. 496; *Ogden* v. *Ball*, 38 Minn. 237. Hence, no subsequent occurrence is a breach of this covenant. No facts are pleaded from which a breach of the covenant of seisin is to be necessarily inferred; for the decree rendered in the Windom Case in 1888 is not evidence that the defendant was not seised in 1881. A prior mortgage or judgment existing in 1881 may have subsequently ripened into a title, and if so, that would not constitute a breach of the covenant of seisin, although it might be a breach of a covenant against incumbrances. 3 Washburn, Real Prop. ch. 5, par. 5, subd. 12; *Stanard* v. *Eldridge*, 16 John. 254; *Reasoner* v. *Edmundson*, 5 Ind. 393; *Fitzhugh* v. *Croghan*, 2 J. J. Marsh. (Ky.) 429.

The complaint fails to show a breach of the covenant of warranty. It does not show an eviction, either actual or constructive, *i. e.* a disturbance of possession. 2 Greenl. Ev. § 244; *Moore* v. *Frankenfield*, 25 Minn. 540; *Fritz* v. *Pusey*, 31 Minn. 368; *Home Life Ins. Co.* v. *Sherman*, 46 N. Y. 370.

The obtaining of a judgment in a statutory action to determine an adverse claim, has never been held equivalent to an eviction, nor can it be, for it does not go to the possession or enjoyment of the land. 1878 G. S. ch. 75, § 2; *Matteson* v. *Vaughn,* 38 Mich. 373; *Scott* v. *Kirkendall,* 88 Ill. 465; *McGary* v. *Hastings,* 39 Cal. 360; *Allis* v. *Nininger,* 25 Minn. 525; *Moore* v. *Frankenfield,* 25 Minn. 540; *Fritz* v. *Pusey,* 31 Minn. 368.

It is not alleged in this complaint that the lands in question are or were vacant and wild lands. For aught that appears the plaintiff may be in the actual occupation of these premises.

*George R. Robinson,* for respondent.

The facts shown were equivalent to an eviction. The Windom judgments destroyed Schuppel's and plaintiff's constructive possession. The technical rules insisted upon by counsel have ceased to exist. *Fritz* v. *Pusey,* 31 Minn. 368.

The commencement of the actions by Windom was the assertion of a prior and paramount title, and the determination of the actions against Schuppel and plaintiff, were breaches of the covenant of warranty. *Allis* v. *Nininger,* 25 Minn. 525.

MITCHELL, J. The short facts alleged in the complaint are as follows: Defendant, Finnegan, for the consideration of $750, conveyed, with covenants of seisin and warranty, the undivided half of a 40-acre tract to one Schuppel, who subsequently conveyed a part of the premises to plaintiff. That thereafter William Windom brought two actions,—one against plaintiff, claiming to be the owner of the premises conveyed to plaintiff, and another against Schuppel, claiming to be the owner of the remainder of the tract,—in each of which actions Windom asked that the title be adjudged in him. That Finnegan was notified of the commencement of these actions, and required to appear and defend them, which he did. That thereafter judgments were rendered in each of the actions adjudging Windom to be the owner of the whole tract by title superior and paramount to the title conveyed by Finnegan to Schuppel. "That by reason of the judgments aforesaid the said Schuppel and this plaintiff have been deprived of the quiet and peaceable possession of the premises conveyed by defendant to Schuppel, and every part

thereof, and were wholly evicted therefrom,  *  *  *  whereby said Schuppel and this plaintiff have sustained damages in the sum of one thousand dollars." That, prior to the commencement of this action, Schuppel assigned to plaintiff his claim against defendant, arising out of the breach of the covenants in the deed from defendant to Schuppel. This appeal is from an order overruling a demurrer to the complaint on the ground that it did not state a cause of action. Defendant's contentions are that the complaint does not state facts showing a breach of the covenant of seisin, which, being purely a covenant of title, is broken, if at all, as soon as made, and that it does not show a breach of the covenant of warranty, because it does not allege an eviction, either actual or constructive.

It is not claimed by plaintiff, and could not be, that the complaint shows any breach of the covenant of seisin, and hence it only remains to consider whether it states facts constituting a breach of the covenant of warranty. This depends entirely upon the construction to be placed upon the allegation quoted, as to eviction and loss of possession. On the principle that a pleading is to be taken most strongly against the pleader, we think that this must be construed, not as an additional and independent allegation of fact, but as merely the pleader's conclusion as to the result or legal effect of the facts previously alleged; that is, that as a matter of law a judgment establishing merely the naked question of title, in and of itself, amounts to constructive eviction. Force is given to this view from the fact that the judgments in favor of Windom did not award him the possession. The construction we have suggested is the one which counsel himself apparently puts upon his pleading, for he says "the judgments destroyed Schuppel's and plaintiff's constructive possession." It is probably true that the assertion and establishment by judgment of an adverse paramount title would amount to a constructive ouster, if the premises are vacant and unoccupied. But this is not alleged. For anything that appears from the facts alleged, plaintiff and Schuppel may still be in the actual occupation of the premises.

2. It is further urged that the complaint is defective in that, while it sets forth two separate causes of action, there is no separate statement of the damages resulting from either, by itself. Even assuming that this point is raised by the demurrer, there is no merit

in it.   If there had been an eviction as to the entire tract, the meas-
ure of defendant's liability would be the purchase money, ($750,)
interest, and costs.   The right to recover the whole of this would
belong to the plaintiff, and it could make no sort of difference how
it would have been apportioned between plaintiff and Schuppel be-
fore the assignment by the latter to the former.

But for the insufficiency of the complaint, already referred to, the
order appealed from is reversed.

(Opinion published 55 N. W. Rep. 1129.)