HENRY WAGNER v. ANDREW J. FINNEGAN.[1]

June 10, 1896.

Nos. 10,008—(119).

Covenant of Warranty—Constructive Eviction.

Where a covenantee in a deed containing the usual covenant of warranty surrenders and abandons possession of the land conveyed because a paramount title has been asserted against him in the courts by the holder thereof, and such title has been adjudged valid, his right of action for a breach of the covenant is complete. A surrender and abandonment of possession under such circumstances is a constructive eviction.

Same—Judgment of Paramount Title—Surrender of Possession.

*Held*, upon the evidence in this case, that the trial court erred when denying plaintiff's motion for an additional finding as to whether he and another person surrendered possession and ceased to occupy the land by reason of the entry of judgments determining that the holder of the paramount title was the owner thereof in fee simple, and that they had no title or interest therein.

Action in the district court for Hennepin county for breach of covenant. The case was tried before Elliott, J., who found as facts substantially as follows: That October 4, 1881, defendant, in consideration of $750, conveyed, with covenants of seisin and warranty, the undivided half of a certain forty acre tract to one Schuppel; that March 20, 1885, Schuppel, in consideration of $1,500, conveyed part of the land to plaintiff; that May 16, 1887, one Windom brought an action against Schuppel, and another action against plaintiff, in which actions judgment was entered July 21, 1888, in favor of Windom, adjudging him to be owner of all said lands and determining in his favor all adverse claims of Schuppel and plaintiff; that defendant was duly notified of the commencement of said actions and was duly requested by Schuppel to defend the same; that Schuppel in 1891 assigned to plaintiff his claim against defendant for damages sustained by reason of the failure and breach of said covenants in said deed; that during all the times above mentioned Windom was owner of all said lands in fee simple; that after the conveyance to him Schuppel entered into and continued in actual possession of the

[1] Reported in 67 N. W. 795.

land until after his conveyance to plaintiff, after which he remained in possession of the part of the land not conveyed by him to plaintiff until after the recovery of the judgments above mentioned; that after the conveyance by Schuppel to plaintiff, plaintiff entered into and continued in actual possession of the part conveyed to him until after the recovery of said judgments; and that the present action was commenced in 1891. As conclusions of law, the court found that the causes of action in favor of plaintiff and of Schuppel against defendant for breach of covenant of seisin contained in the deed by defendant to Schuppel were barred by the statute of limitations; that the facts found were not sufficient to constitute an eviction or ouster; and that defendant was entitled to judgment. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*George R. Robinson*, for appellant.

*Savage & Purdy*, for respondent.

COLLINS, J. After an order overruling a general demurrer to the complaint in this action was reversed on appeal (54 Minn. 251, 55 N. W. 1129), the complaint was amended, and an answer interposed in which the execution and delivery of the deed to Schuppel was admitted, and also that defendant had no title to the land conveyed. Defendant also set up the statute of limitations in bar of recovery. A trial was had, and upon its findings of fact the court ordered judgment in defendant's favor. The plaintiff's counsel then moved for two additional findings of fact, and the motion was denied. Subsequently the court denied plaintiff's motion for a new trial.

The facts alleged in the original complaint are briefly stated in the opinion on the former appeal. They were there construed as failing to show a breach of the covenant of seisin or of warranty, and these defects in the complaint were cured by amendment. At the conclusion of the trial the court made its findings of fact, and, so far as they went in that direction, they were ample to sustain an order for judgment on a breach of the covenant of warranty. Among other things, the court found that, when Windom commenced his actions, plaintiff and Schuppel were in possession of their respective tracts of land, and that each so remained in possession until after judgments were entered quieting the adverse claims made by them to the land, adjudging Windom to have been the owner in fee when defendant's

deed to Schuppel was executed and delivered, and to have continued thereafter to be the owner. As conclusions of law the court found that an action on the breach of the covenant of seisin was barred by the statute of limitations, and that the facts found were insufficient to constitute eviction or ouster from the premises, and therefore plaintiff could not recover. The further findings of fact sought to be obtained by the motion were, in substance: First, as to whether plaintiff and Schuppel surrendered possession or ceased to occupy the land, and, if so, at what time; and, second, whether the surrender or discontinuance of occupation was on account or by reason of the Windom judgments. And, as already stated, the trial court refused further findings.

Defendant's counsel contend, upon appeal, that plaintiff was not entitled to either of these findings, because a mere surrender of possession or a discontinuance of previous occupation, without a further finding that the surrender was to Windom, or, at least, to somebody, would not amount to an eviction or ouster, and therefore the proposed findings would be immaterial, if made. It was not essential for the court to find that plaintiff and Schuppel surrendered possession to Windom, or to any other person. Actual surrender to some particular individual was no more necessary, in order to obtain a right of action on the covenant, than was an actual eviction or ouster. The law on this subject was well and fully stated in Ogden v. Ball, 40 Minn. 94, 41 N. W. 453. An outstanding superior title to the premises existed when defendant deeded, and while plaintiff and Schuppel were in possession under the deed there was a hostile assertion of the paramount title by the holder, in the nature of actions to determine adverse claims, of which actions defendant was duly notified, and required to defend. It was not incumbent upon plaintiff or Schuppel, after the entry of judgment in these actions, and in defiance thereof, to persist in claiming to be the owners, refuse to abandon the premises, and await actions in ejectment and eviction by legal process. It had been formally adjudged in these actions that Windom was the owner of the land in fee, and an abandonment of possession in consequence of the judgment constituted constructive eviction therefrom. And the right of action on the covenant became complete when there was constructive eviction.

The second of the findings asked for was not well drawn, but what

was desired by counsel seems plain. If the court had found that plaintiff and Schuppel surrendered possession and ceased to occupy the land by reason of the Windom judgments, no doubt would arise as to what effect should be given the finding. In substance, it would be equivalent to a finding that plaintiff and Schuppel surrendered and abandoned their possession and occupancy because Windom had asserted his paramount title in actions brought against them, and his title had been sustained and adjudicated upon in his favor. If the evidence on this point was conclusive in plaintiff's favor, he was entitled to an affirmative finding to that effect. If, upon the other hand, there was evidence which would have warranted such a finding, the court should have found one way or the other, and this it declined to do. To say the least, there was an abundance of evidence to support a finding in plaintiff's favor, and it was error for the court to refuse to pass upon the question.

Order reversed, and new trial granted.