HERMAN E. LONG *vs.* BENJAMIN F. HOWARD *et al.*

Argued Nov. 28, 1892. Decided Dec. 16, 1892.

Evidence *held* to sustain a finding of fact.

Appeal by defendants, Benjamin F. Howard, John G. Howard and Julius D. Howard, executors of the will of John D. Howard, deceased, from an order of the District Court of St. Louis County, *Ensign, J.,* made September 17, 1892, denying their motion for a new trial.

John D. Howard, deceased, on June 18, 1883, sold to the Duluth Gas and Water Company three lots in block sixty-six (66) of the Second Division of Duluth Proper for $1,000, and conveyed them to it that day with covenants of title, seisin, good right to convey and warranty. Afterwards Sallie J. Long claimed to own the lots, and commenced an action against the Gas and Water Company to establish her title. Notice of the pendency of that action was given by the Gas and Water Company to its grantor Howard, and he was requested to defend the action. He failed to make any defense and the Gas and Water Company defended it, and on September 26, 1890, judgment was obtained against it, establishing the title of Mrs. Long.

On July 25, 1891, the Gas and Water Company assigned to plaintiff, Herman E. Long, its claim under the covenants in its deed, and he brought this action against John D. Howard to recover the purchase price paid him for the lots and interest and taxes. After this action was at issue Howard died testate. His will was admitted to probate, and letters testamentary were issued to the above-named executors. They were on November 3, 1891, substituted defendants by Supplemental Complaint. The issues were tried April 20, 1892, before the court without a jury. Findings were made and judgment ordered that plaintiff recover of defendants $1,000 and interest from June 18, 1883, and costs, to be paid from any moneys that might come to the hands of the defendants as executors of the will of John D. Howard, deceased, in the course of administration. The executors moved for a new trial, and being denied, appealed. Here they discussed the origin and validity of the titles claimed by Long and

Howard respectively, and claimed that the judgment against the Gas and Water Company was obtained by collusion.

*R. R. Briggs* and *W. B. Phelps*, for appellants.

*White, Reynolds & Schmidt*, for respondent.

GILFILLAN, C. J.    As the judgment in the case of Long against the Duluth Gas & Water Company determined that John D. Howard had no title to pass by his deed to that company, the breach of his covenants of seisin and right to convey, contained in that deed, was established, as between Howard and the company, if the company gave him notice of the action, and its purpose, and called on him to defend it, and the judgment was not brought about by collusion between the parties to that action.    That the company gave Howard the notice, and called on him to defend, is found as a fact, and the evidence required such finding.    And the court also found against the allegation of collusion in the answer.    This finding is also justified by the evidence.    That the matter was, by the judgment referred to, *res adjudicata,* as between these parties, precludes the consideration of the origin of the titles claimed by Long and Howard, respectively.

Order affirmed.

(Opinion published 53 N. W. Rep. 1014.)