CHRISTIAN LARSON v. SEBASTIAN GOETTL and Another.[1]

February 7, 1908.

Nos. 15,408—(182).

**Deed—Covenant of Warranty.**

 Action to recover damages for a breach of the covenants of seisin and warranty in a deed from the defendants to the plaintiff. *Held*, a warranty deed of a definite quantity of land (no boundaries or monuments being given) on a designated side of a larger tract, which is duly described, conveys and warrants the full quantity named.

**Evidence of Eviction.**

 A judgment, in an action to determine adverse claims to real estate, adjudging that the defendant, by virtue of a paramount title, is the owner in fee simple and in possession of the land, and that the plaintiff has no title to or interest therein, is evidence of a constructive eviction of the plaintiff.

**Question for Jury.**

 The evidence herein was sufficient to require the submission of the question whether there had been a breach of the covenants of seisin and warranty to the jury.

 Action in the district court for Nicollet county to recover $320.88 damages for the breach of a covenant. The case was tried before Olsen, J., who granted a motion to dismiss the action when the plaintiff rested. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

 *C. O. Dailey,* for appellant.

 *Pfau & Pfau* and *C. J. Laurisch,* for respondents.

START, C. J.

 In February, 1901, the defendants, in consideration of $500 paid to them by the plaintiff herein, executed to him a warranty deed, containing the usual covenants of seisin, good right to convey, and warranty, of the west five acres of lot 12 in section 1 in township 108 north, of range 27 west. This action was brought in the district court of the county of Nicollet to recover damages for a breach of

[1] Reported in 114 N. W. 840.

such covenants as to .93 of an acre of the land described in the deed. The trial court, at the close of the plaintiff's evidence, dismissed the action on motion of the defendants, and the plaintiff appealed from an order denying his motion for a new trial.

The only question for our decision is whether the evidence, in connection with the pleadings, was sufficient to require the case to be submitted to the jury.

There was evidence received on the trial, which, in connection with the pleadings, tended to show that the defendants, at the time the warranty deed was executed by them, were in possession of only 4.07 acres of the land described in the deed, and that the plaintiff never secured possession of the .93 of an acre here in question, for the reason that it was claimed by a third party, Gerard Rutjes; that thereupon, and in September, 1905, the plaintiff commenced an action against him in the district court of the county of Nicollet to have determined the title thereto; that the defendant in that action, Gerard Rutjes, answered and alleged that he was the owner in fee of the .93 of an acre, that he was in possession thereof, and that he and his predecessors and grantors had been in possession for more than fifteen years; that the reply of the plaintiff put the allegations of the answer in issue; that the plaintiff then served written notice on the defendants in this action, his grantors, of the pendency of the former action, furnishing them with copies of the pleadings, and specifically notified them that his claim of title to the premises was the warranty deed executed by them to him, attaching a copy of the deed to the notice, and further notified and required them to defend the action; that neither of the defendants did so, and such further proceedings were had therein that judgment was entered, in favor of the defendant and against the plaintiff, adjudging that the defendant, Rutjes, was the owner in fee and in possession of the .93 of an acre in question; and, further, that the value of the .93 of an acre was $250.

. The warranty deed in question purported to convey and warrant the title to the whole of the five acres. This is manifest from the words of the description of the land in the deed, which are "the west five acres of lot twelve"; no boundaries or monuments being given. The statement of the quantity of the land in this description is not simply

103 M.—18

an estimate of the area of the land conveyed, but it is the essential and only description of the particular tract conveyed. A deed of a definite quantity of land (no boundaries or monuments being given) on a particular side of a larger tract, which is duly described, conveys the full quantity named. 4 Am. & Eng. Enc. (2d Ed.) 790–792; 13 Cyc. 638.

The defendants urge, as a reason why the evidence, with the admissions in the pleadings, did not establish a prima facie case of a breach of the covenants in the warranty deed as to the .93 of an acre, that "there is no evidence to show that the plaintiff did not receive the five acres of land at the time he received his deed, nor is there any evidence to show that the plaintiff did not lose that particular tract of land by some act of his, such as a conveyance, execution sale, mortgage, or mortgage foreclosure sale; * * * the decree rendered in the Rutjes case in 1905 is no evidence that the defendants did not convey or have title in 1901, and that the plaintiff did not receive full and absolute title at that time."

No claim was made in the answer that there was any fraud or collusion in the procuring of the judgment in the former action, or that the plaintiff disposed of any of the land. On the contrary, the answer alleged: "That at the time of the execution of the deed in question this defendant is informed and verily believes there was substantially five acres within the limits of said lot, but that since said time the river has shifted further towards the south, and the said five-acre tract is now much shorter in length from north to south than it was at said time, and defendant is informed and verily believes that, if there is any shortage in the measurement of said lot, it has been occasioned by the shifting of the river as aforesaid, and such shortage has been occasioned by the shifting of the river since the execution of said [deed]." Again, the notice to the defendants of the pendency of the former action, which they admit in their brief was served, expressly advised them that the plaintiff's claim of title to the land was by virtue of their warranty deed to them, and called upon them to defend it, nevertheless they failed so to do. The result of the action was a judgment that the defendant therein was the owner in fee and in possession of the land, and that the plaintiff had no title to or interest therein. We

are of the opinion that such judgment, in connection with the pleadings and evidence to which we have referred, established a prima facie breach of the covenants of seisin and warranty in the deed from the defendants to the plaintiff and his right to recover damages therefor in some amount. Allis v. Nininger, 25 Minn. 525; Fritz v. Pusey, 31 Minn. 368, 18 N. W. 94; Ogden v. Ball, 40 Minn. 94, 41 N. W. 453; Long v. Howard, 51 Minn. 571, 53 N. W. 1014.

The defendants further claim that a judgment in an action to determine adverse claims to real estate is not evidence of an actual or constructive eviction of the defeated party. It was held in the case of Wagner v. Finnegan, 54 Minn. 251, 55 N. W. 1129, cited and relied upon by the defendants, that a judgment merely establishing an adverse paramount title does not amount to a constructive eviction, at least unless the premises are vacant and unoccupied. This was so held upon a general demurrer to a complaint which alleged the judgment in the former action, without alleging that plaintiff had surrendered possession of the premises in obedience to such judgment. When the case was remanded to the district court, the omission was supplied by an amendment of the complaint, and it was held (Wagner v. Finnegan, 65 Minn. 115, 67 N. W. 795) that a voluntary surrender or abandonment of the premises after such judgment was a constructive eviction. The case cited is not here in point; for by the terms of the judgment in the former case, introduced in evidence on the trial of this action, it was expressly adjudged that the defendant, Rutjes, was the owner in fee simple and in possession of the premises, and that the plaintiff had no title to or interest therein, or, in other words, it was adjudged that the plaintiff was neither in the possession of the land nor had any right to possession.

It follows that the order appealed from must be reversed, and a new trial of the action granted. So ordered.