## EWELL v. WEAGLEY et al.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1926.)

No. 2485.

**1. Pleading** ☞217(3).

Under common-law rule prevailing in Maryland, demurrer to replication raises question of sufficiency of declaration.

**2. Covenants** ☞34.

Covenants in deed that grantors were seized of land conveyed and for quiet enjoyment of "said land" *held* only to embrace land actually conveyed by deed, and not covenant as to acreage.

**3. Deeds** ☞114(4).

Where land is described by metes and bounds and there is deficiency in quantity stated question whether description by metes and bounds or statement of quantity is controlling should be determined from intention of parties as gathered from deed.

**4. Deeds** ☞111.

Where there is conflict in different parts of description in deed, elements of description of less certainty must give way to those of superior certainty.

**5. Boundaries** ☞3(3, 5)—**Deeds** ☞114(4).

Quantity is least certain of all elements of description in deed and must give way to calls for monuments, metes and bounds, and courses and distances.

**6. Deeds** ☞114(4).

Where deed contained description by metes and bounds with certain exceptions therefrom, deficiency in quantity stated must be controlled by metes and bounds, in absence of showing that excepted tracts were not properly described therein.

**7. Deeds** ☞114(4).

Under deed warranting land conveyed and not number of acres, false statement therein as to quantity must be rejected, and more certain description by metes and bounds adopted.

In Error to the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Action by Annis W. Ewell against Clinton B. Weagley and another, executors under the will of D. Edward Kefauver, deceased, and others. Judgment for defendants, and plaintiff brings error. Affirmed.

L. B. Keene Claggett, of Baltimore, Md. (Jacob Rohrback, of Frederick, Md., and Bartlett, Poe & Claggett, of Baltimore, Md., on the brief), for plaintiff in error.

Parsons Newman and John S. Newman, both of Frederick, Md., for defendants in error.

Before WADDILL and PARKER, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge. The plaintiff in error was the plaintiff in the District Court and will be referred to here as the plaintiff. The defendants Clinton B. Weagley and M. Frank Holter are the executors, and the defendants H. Helen Kefauver and Olive P. Kefauver, the wife and daughter-in-law, of D. Edward Kefauver, deceased. The declaration states in substance that the deceased advertised a farm for sale, stated in the advertisement to contain 124 acres, and offered to sell it for $175 per acre; that the plaintiff saw the advertisement and the deceased offered to sell the land to the plaintiff, representing that he owned and had for sale 124 acres of land, at $175 per acre; and that the plaintiff relying upon the offer and representations made by the deceased, purchased the 124 acres at $175 an acre, or for the aggregate sum of $21,700; and that thereafter the deceased, together with his wife and daughter-in-law, delivered a deed to the plaintiff, which deed is set out in full in the declaration. The deed recites that it is in consideration of the sum of $10 and other good and valuable considerations and has the usual granting clause. The deed describes the premises conveyed as "part of a tract of land called Joseph's Park" and then sets forth a description by metes and bounds, courses and distances, and calls for certain natural and artificial monuments, concluding with the following words, "containing 214.75 acres of land." The deed then excepts from the land previously described, four tracts, which are specifically described and stated to contain 4.76 acres, 20 acres, 63.225 acres, and 3 acres; making a total of 90.985 acres which are excluded from the deed. The deed then states it to be the intention of the instrument

to convey all the property conveyed to the deceased, D. E. Kefauver, by Clarence D. Kefauver and wife, by a deed described by its date and date of record in the land records of Montgomery county, Md. After the habendum clause, the deed contains the following clauses: "And the said parties of the first part covenant that they will warrant specially the property *hereby conveyed;* that they are seized of the land *hereby conveyed;* that the said party of the second part shall quietly enjoy *said land;* that they have done no act to incumber *said land;* and that they will execute such further assurances of *said land* as may be requisite." (All italics ours.) The declaration then further alleges that the said defendants covenanted in said deed that they were seized of the 214.75 acres of land, excepting therefrom the four smaller portions of land aggregating 90.985 acres of land previously conveyed, and further covenanted that they would warrant specially the said tract of land "containing 214.75 acres of land," excepting therefrom the said four smaller portions of land previously conveyed; that the defendants by the said deed did not convey to the plaintiff a tract of land "containing 214.75 acres of land" excepting therefrom the said four smaller portions of land, but said deed contained only 87 and a fraction acres of land, there being a deficiency of 36 acres of the 124 acres purchased and paid for by the plaintiff as aforesaid, and that the defendants were not seized of the 214.75 acres of land excepting therefrom the said four smaller portions aggregating 90.985 acres previously conveyed, as in said deed covenanted and specially warranted, and as so offered to and purchased by the plaintiff.

The defendants filed six pleas. The first plea was a plea of res judicata. The second, the statute of limitations, it being alleged that the cause of action did not accrue within three years. The remaining pleas were to the effect that the defendants never promised and never became indebted as alleged.

The plaintiff filed a replication to the defendants' second plea alleging that the plaintiff's declaration set forth a cause of action based upon a deed and that the right to sue thereon was not barred by limitation until after the expiration of twelve years from its date, and not three years as erroneously stated in the second plea. The defendants thereupon demurred to the replication. The District Court held that the demurrer to the replication successively raised the question of the sufficiency of the replication of the second plea, and finally of the declaration itself; and that the declaration was an action for a breach of the covenants of the deed, and showing on its face that there had been no breach, it was held to be insufficient, and the plaintiff declining to amend the declaration, final judgment for the defendants was duly entered.

[1] Under the common-law rules of pleading, when a demurrer is interposed to any pleading, the court will consider the whole record and give judgment for the party who on the whole appears entitled to it, provided the objection be matter of substance and not an objection in respect to mere form, which should have been brought forward by special demurrer. 4 Min. Inst. 998, 999. It was conceded by both parties in this court that the rule of the common law still prevails in Maryland, and as expressed by the counsel for the plaintiff, the demurrer to the replication mounts to the first error in the pleadings, and therefore the sufficiency of the declaration was properly before the District Court and before this court.

In considering whether the declaration states a cause of action or not, it will be necessary first to consider the nature of the case. The District Court held that the action was not for a breach of the agreement of sale but for a breach of the covenants in the deed. In this we think the court was correct. While there are certain allegations in the declaration referring to representations by the grantor of the quantity of land he sold and the reliance on these representations by the plaintiff, from which it might be possible to conclude that the declaration was an action for a breach of the original contract of sale, there are other allegations which indicate that it is not such an action but an action for a breach of the covenants in the deed. It is clear that if the declaration sets up both causes of action, it would be bad for duplicity under the rules of practice prevailing in Maryland. However, any uncertainty as to the nature of the case as set forth in the declaration is relieved by the concessions of the plaintiff. In the plaintiff's replication it is expressly stated that the "declaration herein is a cause of action based upon a deed," and both in the oral argument in this court and in the plaintiff's brief it was stated that the plaintiff relied upon the declaration as setting forth a cause of action for breach of the covenant of seizin in the deed. We quote from the plaintiff's brief in this court as follows: "That the declaration contains *all of the essential elements of a breach*

*of the covenant of seizin in the deed declared upon,* we think, cannot be seriously questioned; if there are in the declaration additional and unnecessary elements, under the familiar rules of pleading, recognized generally, such elements would be treated merely as surplusage, and the elements essential for the breach of the covenant of seizin will stand."

Indeed, it appears that the plaintiff is forced to take this position, for if the action is for a breach of the original contract of sale, a plea of limitations that the cause did not accrue within three years would seem to be good, while the period of limitation in cases of actions upon a deed under seal for breach of the covenant of seizin contained in the deed is by the law of Maryland twelve years. Ann. Code of Maryland, art. 57, § 3.

We are not therefore called upon to decide the case as if it were an action for the breach of the original contract of sale, or to reform the deed, or for deceit, fraud, or misrepresenting the quantity of land to be conveyed, for it is none of these. The case being an action for breach of the covenants contained in the deed, the sole question before this court is whether from the facts stated in the declaration, it appears that there has been a breach of any of those covenants.

[2] The deed does not specifically warrant the number of acres conveyed. The deed states that the parties covenant that they will warrant specially the property *"hereby conveyed"* and that they are seized of the land *"hereby conveyed"*; that the said party of the second part shall quietly enjoy "said land"; that they have done no act to incumber "said land" and that they will execute such further assurances of "said land" as may be requisite. It is clear, therefore, that the covenants embrace only the land actually conveyed by the deed. If the defendants were seized of all the land conveyed by the deed and the plaintiff has not been deprived of its quiet enjoyment, there is certainly no breach of the covenant. There is no allegation in the declaration that the defendants were not seized of all of the land conveyed by the deed or that the plaintiff has been deprived of its quiet enjoyment. What is alleged is that there is a deficiency of 36 acres in the quantity stated in the deed. There is no allegation in the deed that there is any error in the description by metes and bounds, but the error arises from the fact that the deed states that the tract conveyed (exclusive of the excepted portions) contains so many acres, when as a matter of fact the land embraced within the description by metes and bounds (exclusive of the excepted portions) contains 36 acres less that the quantity stated in the deed. We are thus brought to the familiar case of a conflict in the description in the deed between the quantity and the land actually covered by the metes and bounds. The question therefore resolves itself simply into this: Whether upon a covenant of seizin, where the land is described by metes and bounds which are not in dispute, and there is a deficiency in the quantity stated, the metes and bounds are to control, or the statement of quantity.

[3-5] The intention of the parties as gathered from the deed must of course prevail. In gathering that intention, however, certain rules are definitely settled. The cardinal rule in cases where there is a conflict between the different parts of the description in a deed is that the elements of description of less certainty must give way to those elements of superior certainty. Quantity is the least certain of all the elements of description which are usually found in a deed. Calls for monuments, metes and bounds, courses and distances are all superior to the element of quantity. In the absence of other definite description, quantity may have a controlling weight, but as a general rule, all other elements of description must lose their superior value through ambiguities and uncertainties before resort can be had to quantity. There are numerous cases upholding these principles, but only a few of them need be cited. Rose v. Agee, 128 Va. 502, 104 S. E. 827; South Penn Oil Co. v. Knox, 68' W. Va. 362, 69 S. E. 1020; Sherrod v. Battle, 154 N. C. 345, 70 S. E. 834; Mann v. Pearson, 2 Johns. (N. Y.) 37; Powell v. Clark, 5 Mass. 355, 4 Am. Dec. 67; Phillips v. Porter, 3 Ark. 18, 36 Am. Dec. 448; Peay v. Briggs, 2 Mill, Const. (S. C.) 98, 12 Am. Dec. 656; Commissioner in Equity v. Thompson, 4 McCord (S. C.) 434; Barksdale v. Toomer, Harp. (S. C.) 290; Jones v. Bauskett, 2 Speers (S. C.) 68; Lorick v. Hawkins, 1 Rich. (S. C.) 417; Bratton v. Clawson, 3 Strob. (S. C.) 127; Holden v. Cantrell, 100 S. C. 265, 84 S. E. 826.

The fact that the statement of quantity is not qualified by the additional words "more or less" makes no difference; the elements of superior certainty still control the statement of quantity. Lorick v. Hawkins, supra; Mann v. Pearson, supra.

The rule that a statement of quantity in a deed is controlled by the elements of superior certainty, such as monuments, metes and bounds, or courses and distances, has been applied to the specific case of an action for breach of covenant of seizin. Powell v. Clark, supra; Mann v. Pearson, supra; Lorick v. Hawkins, supra.

The case of Powell v. Clark, an early decision by the Supreme Court of Massachusetts, was an action on a general covenant (as is the case here), and states the rule and the reasons therefor so clearly and succinctly that we cannot forbear quoting it at length:

"The question before us in this action depends upon the construction of the deed declared on; and we are of opinion that the words expressing the quantity of land in the two tracts do not amount to a covenant, but are merely descriptive of the lands conveyed. Each tract is definitely limited, and any surveyor could easily ascertain its contents; and the plaintiff might have known the quantity of land contained within the limits described, before he concludes his purchase, by taking the proper measures. If, to avoid that trouble, he chose to rely on the estimation of the defendant, he should have taken care that an express covenant was introduced into the deed. If the boundaries of the tracts had included more than the quantity expressed, yet all within those boundaries, which the defendant had a right to convey, would have passed by the deed. So, if less was contained, the plaintiff has title only to what was in fact included. In his purchase he must therefore be considered as relying on the boundaries described, and not on the contents mentioned. In a conveyance of land by deed, in which the land is certainly bounded, it is very immaterial whether any or what quantity is expressed; for the description by the boundaries is conclusive. And when the quantity is mentioned in addition to a description of the boundaries, without any express covenant that the land contains that quantity, the whole must be considered as mere description; although the quantity mentioned is an uncertain part of the description, and must yield to the location by certain boundaries, if there is a disagreement, whether the quantity mentioned is more or less than the quantity actually contained within the limits expressed. The covenants declared on in this case, therefore, do not appear to have been made by the defendant, and the declaration must be adjudged bad." Powell v. Clark, 5 Mass. 355, 356, 4 Am. Dec. 67, 68.

In Mann v. Pearson, supra, the point decided as stated in the opinion of the majority of the court was "whether, in a deed, containing covenants of seizin, and in which the land granted is definitely described, either by metes and bounds, or as a lot distinguished on record, an erroneous estimate of acres furnishes a ground of action on the covenant of seizin." It was held by a majority of the court (including Chancellor Kent) that the enumeration of quantity is not of the essence of the contract; it is matter of description merely; that the grantees would take all that the tract described contained, whether the quantity mentioned be more or less, even where the words "more or less" do not occur; and that no action would lie.

Lorick v. Hawkins, supra, was an action of covenant upon common warranty of title. The land was described by metes and bounds with a statement of the number of acres, specified with an exactness which descended even to fractions. The statement of quantity was not qualified by the words "more or less." It was held that there was no warranty of the quantity specified; that the metes and bounds must prevail over the statement of quantity; and that no action on the covenant would lie.

Tiffany, in his work on Real Property, says: "A covenant for title, in the case of land conveyed by metes and bounds, is not broken by reason of a deficiency in the quantity stated to be conveyed thereby. The statement of the quantity is controlled by the description by metes and bounds, and the covenants are construed as referring to the land conveyed. The case is different, however, when there is no description by metes and bounds, and there is a conveyance of a named quantity of land a certain number of acres, for instance in a particular locality." 2 Tiffany, Real Property, § 449, p. 1677.

Rawle, in his work on Covenants of Title, uses the following language: "Nothing is better settled as a general rule in the construction of deeds than that in case of discrepancy in the description between the distance and the boundaries, the former are controlled by the latter on the ground that the lesser must yield to the greater certainty. And where land is conveyed by a particular description and with enumeration of the quantity of acres, the latter is held to be matter of description merely and cannot be deemed an implied covenant for quantity. As therefore the descriptive boundaries control the quantity it has been repeatedly held that the covenants for title apply to the

premises contained within those boundaries and not to any enumeration of acres." Rawle, Covenants of Title, § 297.

The various cases cited by the learned counsel for plaintiff are all clearly distinguishable. The case of Talbot v. Mason, 2 McCord (S. C.) 440, which he cites, was an action on a bond with condition to make title to a tract which is not described by metes and bounds, but merely described as containing 360 acres bounded by lands belonging to others. The decision was rested on the ground that the land was not so described as to furnish any data by which the number of acres might be known, and therefore the quantity was controlling. There is no conflict between this case and the later South Carolina cases above cited, but if there were, the later cases would prevail.

In Higinbotham v. Stoddard, 72 N. Y. 94, a lot was described by reference to certain artificial monuments and courses and distances and stated to contain 2100 square feet of ground. There was a conflict between a call for a monument and the course and distance. It was contended that the monument should control. The court, however, held that the rule that monuments control courses and distances was not inflexible, and that when it is apparent from the face of the deed that the intention was to convey a specific quantity of land, if the courses and distances given would include such quantity and the description by monuments embrace more or less, the former should be followed. In other words, the court merely resorted to quantity to resolve an ambiguity or uncertainty caused by a conflict between calls for monuments and courses and distances. In the case at bar, there is no conflict between the calls for monuments and courses and distances; the conflict is solely between quantity on the one hand and all the other elements of description on the other hand.

The case of White v. Luning, 93 U. S. 514, 23 L. Ed. 938, simply holds that the general rule that monuments control courses and distances is not inflexible.

Barbour v. Tompkins, 58 W. Va. 572, 52 S. E. 707, 3 L. R. A. (N. S.) 715, holds that when the other terms of description are not sufficiently certain, the number of acres specified may be an essential part of the description, but it recognizes the rule that when the description by metes and bounds is certain, it will control quantity.

In Larson v. Goettl, 103 Minn. 272, 114 N. W. 840, the deed undertook to convey "the west five acres" of a certain block, no

boundaries or monuments being given, and the court held that the only description of the tract was the quantity stated.

In Haley v. Amestoy, 44 Cal. 132, the only point was whether, when a ranch was well described by name, a particular description was intended to be used in the sense of restriction. The case has no application whatever to the present case.

In Pecare v. Chouteau, 13 Mo. 527, the court held that the enumeration of the acres granted was of the essence of the deed because the boundaries could only be fixed by the quantity. The grantor conveyed a tract of 57 arpents bounded on three sides by lands of others and on the fourth by himself. It was not possible to ascertain the metes and bounds of this tract except by applying the quantity mentioned to ascertain the fourth line; but the court recognized the general rule that where the specific tract conveyed was fixed by metes and bounds or by numbers or in some other way so determined as to place beyond doubt what tract was conveyed, the quantity would be merely descriptive and would not control.

[6, 7] The learned counsel for the plaintiff, however, argues very earnestly that there is no description by metes and bounds. His theory apparently is that inasmuch as there are four tracts excepted from the description of a larger tract said to contain so many acres, there is therefore no real description by metes and bounds of the tract conveyed. This theory, however, is not sound. There is no allegation in the declaration that the excepted tracts are not properly described or that there is any error in the number of acres each is stated to contain. When, therefore, the grantor described a larger tract by metes and bounds, definitely and certainly, and excepted therefrom four tracts with equal certainty and definiteness, the tract conveyed was thereby described definitely and certainly, and the deficiency arose, not from any difficulty in ascertaining the exact tract conveyed, but from the fact that the statement of the acreage of the larger tract from which the tract conveyed is carved, is found to be incorrect. Such being the case, under the principles of law we have stated and the authorities we have cited to sustain them, the false statement as to the quantity must be rejected and the more certain description by metes and bounds must be adopted. Upon rejecting the false statement as to quantity, it is clear that there is no breach of the covenant which merely warranted the land conveyed and not the number of acres. As the

declaration does not show any breach of the covenant, the decision of the District Court in sustaining the demurrer thereto was correct.

Let a copy of the deed be included in the report of this case.[1]

Affirmed.

---

[1] "This deed, made this 24th day of September in the year of our Lord one thousand nine hundred and nineteen by and between D. E. Kefauver and H. Helen Kefauver, his wife, and Olive P. Kefauver, surviving joint tenant, parties of the first part; and Annis Wilbraham Ewell, party of the second part, witnesseth:

"That for and in consideration of the sum of ten dollars ($10.00) lawful money of the United States in hand paid, receipt of which is hereby acknowledged, and other good and valuable considerations, the said parties of the first part do hereby grant and convey unto the said party of the second part, her heirs and assigns, in fee simple, all that piece, parcel or tract of ground and premises, situate, lying and being in Montgomery county, Maryland, particularly described as follows:

"Part of a tract of land called 'Joseph's Park,' beginning on the southeastern bank of Rock creek on the edge thereof, and on a line drawn north 56 degrees west from a bounded Hickory tree standing about 1 perch from said creek, thence up said creek with the edge thereof the nine following courses: North 57 degrees east 9½ perches, north 69 degrees east 28 perches, north 41¼ degrees east 9 perches, north 67½ degrees east 14 perches, north 27¼ degrees east 22½ perches, north 4 degrees east 26 perches, north 14 degrees west 6½ perches, north 26½ degrees east 19 perches, north 49½ degrees east 11 perches to a white oak tree standing on the edge of said creek, thence still up said creek 60½ degrees east 20 perches, thence north 86½ degrees east 31½ perches to the eastern edge of road leading to Newport Mills, where said road by a ford crosses said creek, and to the line of Dr. Benjamin Duvall's land, thence reversely with said land the four following courses: South 25 degrees west 13 perches to a stone on the eastern edge of said road, and on a line drawn west from a large hickory tree, thence passing against the northern edge of said tree, east 135½ perches, south 30 degrees west 72 perches to a stake at the root of a small bounded cedar, thence leaving said Duvall's land, and bounding on said road about the center thereof, south 33 degrees west 68.3 perches, to which intersection with the aforesaid road leading from Hughes' bridge, to Newport Mills, then with said road, leading to said bridge, about the center thereof, south 13 degrees west 89 perches to the line of McDermott's land, then with said land north 71 degrees west 42.43 perches to a stone heretofore planted as a corner of Thomas Duffy's land, then with Duffy's land north 56¼ degrees west 119.7 perches to a flint stone, a corner of Duffy's land, thence north 56¼ degrees west 34.7 perches to the place of beginning, containing 214.75 acres, of land.

"Except a portion of the above-described tract containing 4.76 acres for the right of way of the Metropolitan Branch of the Baltimore & Ohio Railroad;

"Excepting also, a portion of said tract, containing 20 acres, which was conveyed by Sarah Follansbee to Henry N. Copp, by deed dated June 22, 1886, and recorded in Liber J. A. No. 2, Folio 368, one of the land records of said county;

"Excepting also a portion of said tract containing 63.225 acres, which was conveyed by Clarence D. Kefauver and wife to Richard S. Wolfe, by deed dated February 20, 1908, and recorded in Liber No. 196, folio 476, one of the land records of said county;

"Excepting also a portion of said tract containing 3. acre, which was conveyed by said Kefauver and wife to George W. Johnson, by deed dated August 18, 1910, and recorded in Liber No. 214, folio 411, one of the land records of said county;

"It being the intention of this instrument to convey to the party of the second part all and the same property conveyed to the said D. E. Kefauver by Clarence D. Kefauver and wife, by deed dated June 14, 1919, and recorded September 13, 1919, among the land records of said county.

"Together with the buildings and improvements thereupon erected, made or being; and all and every the rights, alleys, ways, waters, privileges, appurtenances, and advantages, to the same belonging or in anywise appertaining.

"To have and to hold the aforesaid piece or parcel of ground and premises above described or mentioned, and hereby intended to be conveyed; together with the rights, privileges, appurtenances, and advantages, thereto belonging or appertaining unto and to the only proper use, benefit and behoof forever of the said Annis W. Ewell, her heirs and assigns, in fee simple. Subject to a deed of trust from Clarence D. Kefauver and wife to Frank S. Strobridge et al., trustees, dated March 31, 1915, and recorded April 2, 1915, in Liber 249, folio 233, one of the land records of Montgomery county, to secure the Baltimore Life Insurance Company, of Baltimore City, $10,250 with interest at 6 per cent., per annum, payable semiannually, which indebtedness the party of the second part hereby assumes and agrees to pay.

"And the said parties of the first part covenant that they will warrant specially the property hereby conveyed; that they are seized of the land hereby conveyed; that the said party of the second part shall quietly enjoy said land; that they have done no act to encumber said land; and that they will execute such further assurances of said land as may be requisite.

"Witness our hands and seals."