# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 8

| | |
|---|---|
| Vic Christensen Mineral Trust, | Plaintiff |
| v. | |
| Enerplus Resources (USA) Corporation, | Defendant, Cross-Claim Defendant, and Appellant |
| and | |
| Meyer Family Mineral Trust, Joann Deryce Struthers Trust, and Steven J. Reed Living Trust, | Defendants, Cross-Claim Plaintiffs, and Appellees |

### No. 20210050

Appeal from the District Court of Dunn County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Jacob F. Fischer (argued) and John P. Streelman (appeared), Denver, Colorado, and Zachary E. Pelham (appeared), Bismarck, North Dakota, for defendant, cross-claim defendant, and appellant Enerplus Resources (USA) Corporation.

Jon Bogner (argued) and Jordan L. Selinger (on brief), Dickinson, North Dakota, for defendants, cross-claim plaintiffs, and appellees Meyer Family Mineral Trust, Joann Deryce Struthers Trust, and Steven J. Reed Living Trust.

# Vic Christensen Mineral Trust v. Enerplus Resources Corp.
## No. 20210050

**Tufte, Justice.**

[¶1]   Enerplus Resources (USA) Corporation ("Enerplus") appeals from the second amended judgment and adverse summary judgment orders holding it liable for suspending royalty payments to Meyer Family Mineral Trust, Joann Deryce Struthers Trust, and Steven J. Reed Living Trust (collectively, "Trust Defendants"). Enerplus argues it was justified in suspending payments under N.D.C.C. § 47-16-39.1, which allows for suspending payments in the event of a dispute of title. We reverse, concluding Enerplus was justified in suspending royalty payments to the Trust Defendants.

I

[¶2]   Victor Christensen owned certain land in Dunn County, including an area referred to as the "W1/2." In 1952, he deeded a 5/128 royalty interest[1] to Henry Roquette for all of the oil and gas produced from the W1/2 ("Roquette Deed"). Thereafter, Victor Christensen transferred his remaining interest in the W1/2 to his wife, Mildred Christensen.

[¶3]   In 1957, Mildred Christensen deeded the W1/2 to Joe Reed and Deryce Reed (the "Reeds"), reserving a 4/5 mineral interest, and thereby conveying a 1/5 mineral interest to the Reeds. In 1968, Henry Roquette conveyed the 5/128 royalty interest to Mildred Christensen.

[¶4]   The Vic Christensen Mineral Trust ("VCMT") now owns the 4/5 mineral interest in the W1/2 that was formerly owned by Mildred Christensen. The Trust Defendants collectively own the 1/5 mineral interest previously conveyed to the Reeds.

[¶5]   Enerplus, an oil and gas producer, operates wells within the W1/2. Prior to production, Enerplus hired a title examiner to provide a drilling title

---

[1] Enerplus disputes the size of the royalty interest on appeal. Because this issue is immaterial to our decision, we assume without deciding that Victor Christensen deeded a 5/128 royalty interest.

1

opinion. The title opinion states the royalty interest, now held by VCMT, burdens the Trust Defendants' interest in the W1/2; and there is a discrepancy with the land acreage in the Roquette Deed, which affects the size of the royalty interest. In October 2017, Enerplus informed VCMT and the Trust Defendants of these issues, required they enter into a stipulation clarifying their ownership interests, and suspended royalty payments to VCMT and the Trust Defendants. VCMT and the Trust Defendants did not stipulate to the royalty interest at that time.

[¶6] In January 2019, VCMT sued the Trust Defendants to quiet title, alleging it owns the royalty interest on the Trust Defendants' 1/5 mineral interest in the W1/2, and the royalty interest is larger than 5/128 based on the Roquette Deed. The Trust Defendants counterclaimed to quiet title, alleging their 1/5 mineral interest has no royalty burden. In April 2019, VCMT and the Trust Defendants stipulated to their interests with VCMT agreeing to forgo any rights to the royalty interest. Enerplus then paid VCMT and the Trust Defendants their suspended royalty payments.

[¶7] The Trust Defendants sought statutory interest from Enerplus for suspending their royalty payments. After cross-motions, the district court granted summary judgment in favor of the Trust Defendants and against Enerplus. Enerplus appeals the orders granting summary judgment holding it liable for suspending payments to the Trust Defendants.

## II

[¶8] Our summary judgment standard of review is well established:

> Summary judgment under N.D.R.Civ.P. 56 is a procedural device for the prompt resolution of a controversy on the merits if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Summary judgment is appropriate if the issues in the case are such that the resolution of any factual disputes will not alter the result. Whether the district court properly granted summary judgment is a question of law that we review de novo on the entire record. On appeal, this Court

2

decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.

*Hild v. Johnson*, 2006 ND 217, ¶ 6, 723 N.W.2d 389 (citations omitted).

A

[¶9] Enerplus argues the "safe harbor" provision of N.D.C.C. § 47-16-39.1 applies, rendering its suspension of royalty payments to the Trust Defendants lawful. Section 47-16-39.1, N.D.C.C., provides that an operator's obligation under an oil and gas lease to pay oil and gas royalties to the mineral owner is "of the essence." A breach of the obligation may constitute grounds for cancellation, but if cancellation is not sought, failure by the operator to pay within 150 days after oil or gas produced is marketed shall accrue interest on the unpaid royalties at the rate of 18 percent per annum until paid. *Id.* The safe harbor provision provides, "This section does not apply . . . *in the event of a dispute of title existing that would affect distribution of royalty payments, . . .* however, the operator shall make royalty payments to those mineral owners whose title and ownership interest is not in dispute." *Id.* (emphasis added). The district court concluded the safe harbor provision did not apply, stating:

> The dispute of title between VCMT and the Trust Defendants comes solely as a result of the actions of Enerplus and its title attorney. Had the title opinion been correct in the first place and had there been no erroneous suggestions that the 5/128ths Royalty burdened the 1/5 ownership of the Trust Defendants, there would have been no dispute.

[¶10] Enerplus contends a dispute of title existed that would have affected distribution of royalty payments; specifically, its title examiner's determination that the Trust Defendants' 1/5 mineral interest was burdened by VCMT's royalty interest, and that burden was more than 5/128 interest due to the acreage discrepancy. As a result, Enerplus informed VCMT and the Trust Defendants of these issues, required a stipulation of interest concerning the royalty, and suspended all payments to VCMT and the Trust Defendants. Subsequently, VCMT sued the Trust Defendants to quiet title to the royalty

interest, and the Trust Defendants counterclaimed to quiet title to 1/5 of the mineral interest unburdened by any outstanding royalty. Thus, there was a dispute of title existing that would affect distribution of royalty payments. Applying the plain language of N.D.C.C. § 47-16-39.1, we conclude Enerplus' suspension of royalty payments to the Trust Defendants was lawful.

[¶11] The district court and the Trust Defendants read a heightened standard into the safe harbor provision, requiring a *successful* title claim to be advanced by Enerplus, as opposed to merely a dispute of title existing. *But see Leavitt v. Ballard Expl. Co.*, 540 S.W.3d 164, 174 n.9 (Tex. App. 2017) (noting, "[W]e observe that nothing in [the Texas statute] requires a payor like [the operator] to evaluate the legal merit of a dispute, only that such a dispute exists."). Even if Enerplus' alleged title dispute was ultimately unsuccessful, or the dispute was "manufactured" by Enerplus as the Trust Defendants assert, VCMT and the Trust Defendants sued each other to quiet title, undoubtedly creating a "dispute of title" that would affect their royalty payments from Enerplus. Accordingly, Enerplus lawfully suspended royalty payments to the Trust Defendants.

B

[¶12] Enerplus argues the district court erred by concluding Enerplus wrongfully withheld payment on the undisputed 123/128 royalty interest held by the Trust Defendants, which was not potentially subject to the 5/128 royalty interest. The last provision of N.D.C.C. § 47-16-39.1 provides that when there is a dispute of title, "the operator shall make royalty payments to those mineral owners whose title and ownership interest is not in dispute." Because the Trust Defendants are mineral owners whose title and ownership interest was in dispute, this provision, by its plain language, does not apply. Thus, the court erred in concluding Enerplus acted unjustifiably in suspending more than 5/128 of its payments to the Trust Defendants. Under N.D.C.C. § 47-16-39.1, Enerplus was entitled to suspend all royalty payments to the Trust Defendants derived from their 1/5 mineral interest in the W1/2.

4

## III

[¶13] We conclude a dispute of title existed allowing Enerplus to lawfully suspend royalty payments to the Trust Defendants. Because there are no genuine issues of material fact, Enerplus is entitled to judgment as a matter of law. We reverse the district court's second amended judgment and summary judgment orders holding Enerplus liable for suspending royalty payments to the Trust Defendants.

[¶14] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte