**Corrected Opinion Filed 07/17/24 by Clerk of the Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2024 ND 137

---

Dorchester Minerals, L.P.,      Plaintiff, Appellant and Cross-Appellee

v.

Hess Bakken Investments II,
LLC,      Defendant, Appellee and Cross-Appellant

---

No. 20230326

---

Appeal from the District Court of Mountrail County, North Central Judicial District, the Honorable Richard L. Hagar, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Bahr, Justice.

Joshua Swanson, Fargo, ND, for plaintiff, appellant and cross-appellee.

Paul J. Forster (argued) and Zachary Eiken (appeared), Bismarck, ND, for defendant, appellee and cross-appellant.

## Dorchester Minerals v. Hess Bakken Investments II
## No. 20230326

**Bahr, Justice.**

[¶1]  Dorchester Minerals, L.P. (Dorchester) appeals and Hess Bakken Investments II, LLC (Hess) cross-appeals from a district court judgment awarding Dorchester $75,166.07 on its claim under N.D.C.C. § 47-16-39.1 for statutory interest on unpaid royalties and denying both parties' claims for attorney's fees. We conclude Dorchester's claim for interest under N.D.C.C. § 47-16-39.1 is time-barred. We reverse and remand for entry of judgment in favor of Hess dismissing Dorchester's claims and for an award of attorney's fees and costs to Hess as the "prevailing party."

I

[¶2]  The relevant facts in this case are undisputed. Dorchester owns an unleased mineral interest in property included in a pooled spacing unit. The district court's statutory interest award in this case was for the "Hueske well." The Hueske well was spud in November 2007 and produced oil and gas from the pooled spacing unit for several years beginning in February 2008. Hess plugged and abandoned the Hueske well in October 2013. Hess reclaimed the well site in 2016 and transferred ownership to a third-party in April 2021. Hess asserts this information was publicly available through the North Dakota Industrial Commission.

[¶3]  Hess did not pay Dorchester the royalties from the Hueske well's production from May 2008 through February 2011 because of a title issue concerning the merger of certain corporate entities into what eventually became Dorchester. On October 28, 2013, and on November 15, 2013, a Dorchester representative corresponded by email with Hess about "missing revenue for production months 2/2008 – 2/2011" with regard to the Hueske well. Dorchester took no further action at that time. Hess released the royalties held in suspense on June 25, 2020; however, Hess did not include any payment of statutory interest. Dorchester's claim regarding the Hueske well seeks the statutory interest under N.D.C.C. § 47-16-39.1.

[¶4]   In November 2021, Dorchester commenced this action against Hess seeking damages for the failure to pay Dorchester statutory interest on late royalty payments in violation of N.D.C.C. § 47-16-39.1. Dorchester's suit alleges Hess untimely paid oil and gas royalties for production from two oil and gas wells: the Hueske well and the Johnson well. In December 2021, Hess moved to dismiss the action, arguing the claims for statutory interest payments for both wells were time-barred. Dorchester opposed the motion.

[¶5]   In May 2022, the district court granted Hess's motion to dismiss the claim as to the Johnson well; the court denied the motion as to the Hueske well claim. In October 2022, both parties moved for summary judgment on the claim regarding the Hueske well. In March 2023, the court granted Dorchester's motion for summary judgment.

[¶6]   In April 2023, Dorchester moved for statutory attorney's fees, and Hess opposed the motion. The court denied the motion in August 2023, concluding no single "prevailing party" existed within the meaning of N.D.C.C. § 47-16-39.1. In October 2023, the district court entered a final judgment dismissing Dorchester's Johnson well claim with prejudice, awarding Dorchester $75,166.07 in statutory interest on its Hueske well claim, and dismissing both parties' claims for attorney's fees with prejudice.

II

[¶7]   Our standard of review for summary judgment is well established:

> Summary judgment under N.D.R.Civ.P. 56 is a procedural device for the prompt resolution of a controversy on the merits if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Summary judgment is appropriate if the issues in the case are such that the resolution of any factual disputes will not alter the result. Whether the district court properly granted summary judgment is a question of law that we review de novo on the entire record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law.

2

*Powell v. Statoil Oil & Gas LP*, 2023 ND 235, ¶ 7, 999 N.W.2d 203 (quoting *Vic Christensen Min. Tr. v. Enerplus Res. (USA) Corp.*, 2022 ND 8, ¶ 8, 969 N.W.2d 175). Interpreting a statute of limitations presents a question of law, fully reviewable on appeal. *Powell*, at ¶ 10; *Kittleson v. Grynberg Petroleum Co.*, 2016 ND 44, ¶ 22, 876 N.W.2d 443.

## III

### A

[¶8]   Hess argues Dorchester's claim for interest under N.D.C.C. § 47-16-39.1 is time-barred. Hess argues the applicable statute of limitations is either, at most, six years under N.D.C.C. § 28-01-16(2) ("action upon a liability created by statute, other than a penalty or forfeiture"), or three years under N.D.C.C. § 28-01-17(2) ("action upon a statute for a penalty or forfeiture"). Dorchester responds its interest claim under N.D.C.C. § 47-16-39.1 is not time-barred, arguing the applicable statute of limitations period is ten years under this Court's decision in *Powell*, 2023 ND 235.

[¶9]   This case requires us to construe N.D.C.C. § 47-16-39.1. "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained." N.D.C.C. § 1-02-02. We construe statutes as a whole and harmonize them to give meaning to related provisions. N.D.C.C. § 1-02-07. When the relevant language is clear and unambiguous, "the letter of [a statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05. *See Van Sickle v. Hallmark & Assocs., Inc.*, 2013 ND 218, ¶ 52, 840 N.W.2d 92.

[¶10] Section 47-16-39.1, N.D.C.C., provides, in relevant part:

> The obligation arising under an oil and gas lease to pay oil or gas royalties to the mineral owner or the mineral owner's assignee . . . is of the essence in the lease contract . . . . If the operator under an oil and gas lease fails to pay oil or gas royalties to the mineral owner or the mineral owner's assignee within one hundred fifty days after oil or gas produced under the lease is marketed and

cancellation of the lease is not sought *or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest*, the operator thereafter shall pay interest on the unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, at the rate of eighteen percent per annum until paid.

(Emphasis added.)

[¶11] In *Kittleson*, 2016 ND 44, ¶ 37, this Court held that "the obligation to pay royalties under an oil and gas lease is a contract contained in a conveyance or instrument affecting title to real property within the meaning of N.D.C.C. § 28-01-15(2)." This Court therefore held the ten-year limitation period in N.D.C.C. § 28-01-15(2) applied to a breach of contract action for the underpayment of royalties under the oil and gas lease. *Id.*

[¶12] In *Powell*, 2023 ND 235, ¶ 13, this Court again held the ten-year statute of limitations in N.D.C.C. § 28-01-15(2) applied to a claim for untimely payment of royalties under an oil and gas lease, even when the operator had paid the suspended royalties and the Plaintiffs sought damages under N.D.C.C. § 47-16-39.1. We explained:

> Statoil failed to timely pay royalties. Although Statoil has since paid all of the suspended royalties to Plaintiffs, *their action remains, at least in part, one for breach of the lease.* Under N.D.C.C. § 47-16-39.1, the 18% interest is a part of the mineral owner's damages; it is compensation for the operator's breach of its obligation to make timely royalty payments *and an alternative remedy to cancellation of the lease.* The basis of the claim, however, is nonpayment, underpayment, or, as is the case here, untimely payment of royalties *arising from the oil and gas lease. See Van Sickle*, 2013 ND 218, ¶ 29, 840 N.W.2d 92 (stating that under N.D.C.C. § 47-16-39.1 "a failure to pay oil and gas royalties constitutes a breach of the obligation arising under the oil and gas lease"). Plaintiffs alleged Statoil untimely paid royalties and sought statutory interest, costs, and attorney's fees as damages. Thus, we conclude as a matter of law that the ten-year statute of

4

limitations, N.D.C.C. § 28-01-15(2), which in *Kittleson* applied to a claim for underpayment of royalties under an oil and gas lease, applies here to the claim for untimely payment of royalties under the oil and gas lease. Because Plaintiffs' claims accrued within ten years of commencing this action, their action is timely under N.D.C.C. § 28-01-15(2).

*Powell*, at ¶ 13 (emphasis added).

[¶13] Unlike *Kittelson* and *Powell*, this case does not involve a lease or other contract between the parties. Rather, it is undisputed Dorchester is an "unleased mineral interest owner" claiming the statutory interest under N.D.C.C. § 47-16-39.1 on an oil and gas royalty arising under North Dakota's pooling statute, N.D.C.C. § 38-08-08(1).

[¶14] Under the plain language of N.D.C.C. § 47-16-39.1, the legislature provided a statutory right to 18 percent interest when an operator fails to pay royalties, regardless of whether the royalties are owed to a mineral owner under an oil and gas lease or to an "unleased mineral interest owner." A mineral owner's right to payment of royalties is "of the essence" in an oil and gas lease contract and, presumably, also in the circumstances of forced pooling under N.D.C.C. § 38-08-08(1). Even when an oil and gas lease is not in place, the language of N.D.C.C. § 47-16-39.1 provides an "unleased mineral interest owner" with similar statutory rights to pursue a claim for interest. The operator's obligation to pay 18 percent interest on the unpaid royalties arises:

> [I]f the operator fails to pay oil or gas royalties to an unleased mineral interest owner *within one hundred fifty days after oil or gas production is marketed* from the unleased mineral interest owner's mineral interest, the operator thereafter shall pay interest[.]

*Id.* (emphasis added).

[¶15] A statutory claim by an "unleased mineral interest owner" under N.D.C.C. § 47-16-39.1 is "[a]n action upon a liability created by statute," N.D.C.C. § 28-01-16(2); it is not "[a]n action upon a statute for a penalty or forfeiture," N.D.C.C. § 28-01-17(2). In *Powell*, 2023 ND 235, ¶ 11, we explicitly

5

rejected the argument the legislature intended the 18 percent interest to be a penalty, explaining:

> Turning to the very next section in that chapter, N.D.C.C. § 47-16-39.2 requires the district court to assess "a civil penalty of two thousand dollars per day for each day the person obligated to pay royalties under the lease failed to send the oil and gas royalty payment and production records" to the board of university and school lands in a successful proceeding under that section. (Emphasis added.) The Legislature is aware of the difference between "interest" and a "penalty," and although there may be an upper limit where interest becomes a penalty, we will not second-guess its use of the word "interest" here. *Cf. Iverson v. Ingersoll-Rand Co.*, 125 F. App'x 73, 76-77 (8th Cir. 2004) (concluding employee's claim for $100/day sanction against employer for untimely disclosure of information under ERISA was an action upon a statute for a penalty and thus time barred under N.D.C.C. § 28-01-17(2)); *see also Weeks v. Geiermann*, 2012 ND 63, ¶¶ 12-14, 814 N.W.2d 792 (explaining statutory prejudgment interest rate under N.D.C.C. § 47-14-05 is considered compensation for damages for the wrongful detention of money at a prescribed rate of interest).

[¶16] Because the "basis of the claim" in *Powell* was for untimely payment of royalties arising from the oil and gas lease, we held the ten-year statute of limitations in N.D.C.C. § 28-01-15(2) applied to the claim. *Powell*, 2023 ND 235, ¶ 13. Unlike in *Powell*, in the present case the "basis of the claim" is the obligation to an "unleased mineral interest owner" for untimely payment of royalties arising from statute. It is undisputed Dorchester is an "unleased mineral interest owner" claiming the statutory 18 percent interest under N.D.C.C. § 47-16-39.1 on a royalty arising under North Dakota's pooling statute, N.D.C.C. § 38-08-08(1). We therefore conclude the six-year limitation period provided in N.D.C.C. § 28-01-16(2) applies to Dorchester's claims in this case.

B

[¶17] Hess argues Dorchester's cause of action for the statutory interest under N.D.C.C. § 47-16-39.1 accrued by July 29, 2011, which it asserts was 151 days

following February 28, 2011, the most recent date of production at issue. Hess also asserts Dorchester had "constructive notice" of a possible claim by July 2011, because oil and gas production records are generally publicly available, and had "actual notice" of a potential claim by October 2013, as evidenced in the record by the email correspondence from Dorchester's representative. Dorchester argues the discovery rule applies, and that it discovered Hess's failure to make the statutory interest payments at the time Hess paid the royalty in June 2020.

[¶18] It is undisputed Hess did not pay Dorchester royalties within 150 days of producing and marketing oil and gas for the Hueske well for the production months of May 2008 through February 2011. The most recent date of the production at issue in this case from the Hueske well was February 28, 2011. Under the plain language of N.D.C.C. § 47-16-39.1, the statutory claim for 18 percent interest arises or accrues, and the six-year statute of limitations begins to run, "if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest." Hess asserts 151 days after the most recent date of the production at issue from the Hueske well is July 29, 2011. However, under section 47-16-39.1, the operator's statutory duty to pay royalties to an unleased mineral interest owner is not based on production; the operator must pay royalties "to an unleased mineral interest owner within one hundred fifty days after oil or gas production *is marketed*[.]" (Emphasis added.) The parties did not address the difference between "production" and production being "marketed." Hess did not draw our attention to evidence in the record indicating when the Hueske well production was "marketed." Thus, based on the record, we cannot determine the earliest possible date Dorchester's claim could have accrued. However, the record does reflect when Dorchester discovered Hess's failure to pay the interest. We can therefore determine whether Dorchester's claim would be timely if the discovery rule applied.

[¶19] Dorchester commenced this action in November 2021. The record plainly shows Dorchester was actually aware of the nonpayment of royalties by 2013 when its representative emailed Hess about "missing revenue for production

months 2/2008 – 2/2011" with regard to the Hueske well. The email correspondence demonstrates Dorchester knew Hess had not timely paid the royalties and statutory interest at least as early as 2013; Dorchester did not commence its action within six years of knowing about its statutory interest claim.

[¶20] We reject Dorchester's argument its claim for statutory interest did not accrue until Hess actually paid the royalty in June 2020. Although Hess's royalty payment may have discontinued the accrual of further interest, permitting Dorchester to determine the full amount of statutory interest owed, that amount of knowledge is not required for a claim to accrue. *See Riemers v. Omdahl*, 2004 ND 188, ¶ 7, 687 N.W.2d 445 (Under the discovery rule, "[i]t is not necessary for the plaintiff to fully appreciate the potential liability, or even be convinced of an injury; the objective standard requires only that the plaintiff be aware of facts that would place a reasonable person on notice that a potential claim exists."). The undisputed facts show Dorchester had actual knowledge of all material facts necessary to understand some claim under N.D.C.C. § 47-16-39.1 existed by 2013 at the latest.

[¶21] We do not decide whether the discovery rule applies to an unleased mineral interest owner's claim under section 47-16-39.1. We conclude that even if the discovery rule applies to an unleased mineral interest owner's claim under section 47-16-39.1, Dorchester's claim for statutory interest under N.D.C.C. § 47-16-39.1 is untimely under the applicable statute of limitations, N.D.C.C. § 28-01-16(2).

[¶22] Based on our de novo review of the entire record, we conclude there is no genuine issue of material fact as to when Dorchester discovered Hess's failure to pay the interest on the Hueske well production. Because Dorchester had actual knowledge by 2013 of the material facts necessary for it to understand it had a claim under N.D.C.C. § 47-16-39.1 regarding the Hueske well, we further conclude Dorchester's claim for statutory interest under N.D.C.C. § 47-16-39.1 regarding the Hueske well is barred by the six-year statute of limitations provided in N.D.C.C. § 28-01-16(2). *Tarnavsky v. McKenzie Cnty. Grazing Ass'n*, 2003 ND 117, ¶ 11, 665 N.W.2d 18 ("Summary judgment is

8

appropriate if the uncontroverted facts establish that a reasonable person would have been placed on notice of a potential claim."). We reverse the district court's judgment granting summary judgment to Dorchester and awarding damages.

## IV

[¶23] Dorchester argues the district court erred in denying its attorney's fees motion because it is entitled as the "prevailing party" to attorney's fees and costs under N.D.C.C. § 47-16-39.1. Hess argues this Court should reverse the court's award of royalty interest to Dorchester and remand to award Hess attorney's fees and costs as the "prevailing party" under N.D.C.C. § 47-16-39.1. Alternatively, if we affirm the court's award of royalty interest, Hess argues we should either affirm the court's denial of fees or remand to award each party its attorney's fees and costs for the respective claims on which they prevailed.

[¶24] In *Van Sickle*, 2013 ND 218, ¶ 44, this Court held the "prevailing party" analysis under N.D.C.C. § 28-26-06 guides our construction of the same term in N.D.C.C. § 47-16-39.1:

> Determining who is a prevailing party for an award of disbursements under N.D.C.C. § 28-26-06 is a question of law, subject to de novo review, while the question of the amount to be allowed for disbursements and costs is one of fact, subject to an abuse of discretion standard. The determination of who is a prevailing party entitled to recover necessary disbursements under N.D.C.C. § 28-26-06 is based upon success on the merits, not damages. If opposing litigants each prevail on some issues, there may not be a single prevailing party for whom disbursements may be taxed. A prevailing party is one in whose favor a judgment is rendered, regardless of the amount of damages awarded.
>
> Generally, the prevailing party to a suit, for the purpose of determining who is entitled to costs, is the one who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the main issue, in other words, the prevailing party is the one in whose favor the decision or verdict is rendered and the judgment entered.

9

*Van Sickle*, at ¶ 44 (quoting *Carpenter v. Rohrer*, 2006 ND 111, ¶¶ 34-35, 714 N.W.2d 804) (cleaned up). "[W]hen opposing litigants each prevail on some issues, there may not be a single prevailing party for whom disbursements may be taxed." *Davis v. Mercy Med. Ctr.*, 2023 ND 153, ¶ 32, 994 N.W.2d 380 (quoting *WFND, LLC v. Fargo Marc, LLC*, 2007 ND 67, ¶ 49, 730 N.W.2d 841 (collecting cases)).

[¶25] We have concluded Dorchester's claim regarding the Hueske well was untimely and have reversed the judgment on that basis. We therefore conclude Hess is the "prevailing party" on Dorchester's claims regarding both the Johnson well and the Hueske well. We remand the case for the district court to award attorney's fees and costs to Hess as the "prevailing party."

V

[¶26] We have considered the parties' remaining arguments and conclude they are not necessary to our decision or are without merit. We reverse and remand for entry of judgment in favor of Hess dismissing Dorchester's claims and for an award of attorney's fees and costs to Hess.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr